COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-099-CR

 

 

STEVEN RICHARD WINSLOW                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Steven Richard Winslow of driving while intoxicated (DWI), and the trial court
sentenced him to ninety days= confinement in the Tarrant County Jail and a $450 fine, with the
confinement probated for eighteen months. 
In two points on appeal, Appellant challenges the legal and factual
sufficiency of the evidence to support his conviction. Because we hold that the
evidence is legally and factually sufficient to support Appellant=s conviction, we affirm the trial court=s judgment.

On October 18, 2003, Sergeant
Ron Williamson of the Euless Police Department saw a black Honda leave a
Whataburger parking lot at a high rate of speed, cross over two lanes of
traffic, and make a right turn at a red light without first coming to a
complete stop.  Sergeant Williamson
stopped the vehicle and spoke to the driver, Appellant.  Sergeant Williamson smelled the odor of an
alcoholic beverage on Appellant=s breath and began a DWI investigation.  As a result, Sergeant Williamson arrested
Appellant for DWI.  Appellant refused to
submit a breath sample.  The sobriety
tests and refusal were captured on videotape.








Appellant does not contest
that he was driving a vehicle in a public place.[2]  Thus, the only issue is whether he was
intoxicated.[3]  Appellant argues that, in proving
intoxication, the State placed undue reliance on his refusal to submit a breath
sample.  The law provides that a person=s refusal to provide a breath sample may be admitted into evidence at
trial and does not restrict the weight that may be accorded such evidence.[4]  Appellant asserts that the only evidence
supporting his intoxication is his refusal to provide a breath sample and
Sergeant Williamson=s testimony
about the field sobriety test results. 
Those results show that Appellant exhibited six out of six clues for
intoxication on the horizontal gaze nystagmus test and the walkBandBturn test
and three out of six clues on the oneBlegBstand
test.  Additionally, contrary to
Appellant=s assertion,
Appellant=s own words
support the finding of intoxication.  Appellant
told Sergeant Williamson that he had had Aa couple of beers@ and testified that he had had two to four beers at a club that
evening and had refused the breath test because he was afraid that he would
fail it.  Consequently, based on the
applicable standards of review,[5]
we hold that the evidence is legally and factually sufficient to support
Appellant=s
conviction, overrule his two points, and affirm the trial court=s judgment.

 

 

 








PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE,
C.J.; and MCCOY, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 11, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. ' 49.04 (Vernon 2003).





[3]See id.





[4]Tex.
Transp. Code Ann. ' 724.061 (Vernon 1999).





[5]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim.
App. 2001); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999),
cert. denied, 529 U.S. 1131 (2000) (all providing legal sufficiency
standard of review);  Zuniga v. State,
144 S.W.3d 477, 481-82, 84-87 (Tex. Crim. App. 2004); Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of
review).